IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BERNARD S. LEVI, | : | CIVIL ACTION NO. **1:CV-09-0193** |
| Petitioner | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Blewitt) |
| WARDEN DAVID EBBERT, | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

**I. Background.**

On January 30, 2009, the Petitioner, Bernard S. Levi[1], formerly an inmate at the Federal Correctional Institution at Allenwood ("FCI-Allenwood") (Doc. 1), currently an inmate at FCI-Fairton, New Jersey (*See* Docs. 17 and 18, and Doc. 13, Ex. A), filed a form Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, along with a 6-page typed support Memorandum with attached Exhibits (1-8). (Doc. 1).[2] For present purposes, we simply refer herein to Petitioner's support Memorandum as Doc. 1 since the form habeas petition does not detail Petitioner's claims.

Petitioner filed an application for leave to proceed *in forma pauperis*. (Doc. 2). On February 4, 2009, the Court denied this request and directed Petitioner to pay the required filing fee. (Doc. 5). Petitioner paid the filing fee on February 24, 2009. (Doc. 8). We directed service

---

[1] We note that Petitioner Levi has been a frequent litigator in this Court. *See* M.D. Pa. Civil Nos. 02-2020; 05-1092; 05-1533; 06-1608; 93-1604; 94-350; 94-538; 94-596; 94-845; 94-1366; 96-1226; and 07-1839.

[2] 28 U.S.C. § 2241(c)(3) provides that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . (3) [h]e is in custody in violation of the Constitution or laws of the United States . . ."

of the Petition and Memorandum (Doc. 1) on Respondent.[3]

After the Petition was served on the Respondent, his Response with attached Exhibits was filed on March 17, 2009. (Doc. 13). Petitioner filed, without the Court's permission, two separate Traverses on April 6 and April 7, 2009. (Docs. 17 and 18). In the Doc. 17 Traverse, labeled by Petitioner as his Second Traverse, Petitioner contests Respondent's alternative argument that his habeas Petition should be transferred to the United States District Court for New Jersey since this is now the place of Petitioner's confinement. In his Doc. 18 Traverse, Petitioner argues that his present claims are cognizable in a habeas petition.

The Habeas Petition is now ripe for disposition.[4]

## II. Claims of Habeas Petition.

In his form Habeas Petition (Doc. 1) at ¶ 9., Petitioner simply stated as follows with respect to his claim:

> Due process violation, and violation of BOP policy, regulation and customs. Where Petitioner is illegally being detained in a (sic) immigration facility [FCI-Allenwood] not consistent with BOP policy security/custody classification P.S. 5100.08 which has the force of law, and Petitioner is being discriminated against regarding his custody and imprisonment a violation of First and Fifth Amendment of the United States Constitution.

In his Memorandum (Doc. 1), Petitioner essentially claimed that his BOP custody classification should be decreased and that his Public Safety Factor ("PSF") of Greatest Severity

---

[3]Petitioner named as the Respondent the Warden at FCI-Allenwood, his former place of incarceration. However, as stated, Petitioner is now confined at FCI-Fairton, and the Warden at FCI-Fairton now has custody of him. 28 U.S.C. Sections 2242 and 2243. (Doc. 13, Ex. A).

[4]Petitioner Levi previously filed three Habeas Petitions with this Court, Civil Nos. 05-1092, 05-1533, and 06-1608 M.D. Pa. These cases have all been closed by the Court without granting Petitioner Levi the relief he requested.

(Doc. 1, Ex. 1 and Ex. 2) should be removed, that he was illegally detained in medium security prison (*i.e.* FCI-Allenwood), and that he should be transferred to a camp or low security prison to serve the remainder of his sentence under BOP Policy PS 5100.08 since he served over 95% of his federal sentence and had less than 30 months to serve.

Specifically, Petitioner stated as follows:

> Petitioner who has completed over 95% of his incarceration with less
> than 30 months to serve on his front sentence absence supervise release
> is being denied custody to a "camp" or "low" security federal prison in
> violation of BOP Policy 5100.08, Regulation and Customs where petitioner
> is being illegally detained in FCI Allenwood medium immigration
> facility which has it's (sic) own rules and regulations separate of the U.S.
> Constitution and BOP national Policy. petitioner states that during his team
> meeting in January of 2008 and on January 16, 2009, petitioner's
> security/custody scores have been augmented in a sneaky, unprofessional,
> deceitful and vindictive manner by Case Manager David Feery and Unit
> Manager McIntyre where petitioner is being discriminated against, and
> is being treated differently than other inmates similarly situated in
> violation of BOP Policy Statement 28 C.F.R. 551.90 who have been placed
> in low's and camp's with bank robbery's (sic) such as petitioner after serving
> 10 years or more of incarceration.

(Doc. 1, p. 2).

Petitioner contends that his custody classification score has been incorrectly calculated by the BOP, with respect to scoring his history of violence, his percentage of time served (*i.e.* over 95% and not 82% of his federal sentence), his completion of courses (GED, college courses and 40 hour drug treatment program, Doc. 1, Ex. 7), and with respect to his lack of any 200 Series Incident Reports. Petitioner also claims that his criminal history points which were used 18 years ago to enhance his federal sentence should not be used again by the BOP to enhance his security level, which he asserts is an *ex post facto* violation and in violation of the Double Jeopardy Clause. (Doc.

3

1, pp. 2-3). Petitioner states that other inmates with serious offenses are housed by the BOP in a halfway house when they complete their sentences, but that the BOP is improperly and unfairly refusing to place him in a low prison or camp. (*Id*., p. 3). Petitioner also states that "[a]fter over 18 years of incarceration Petitioner's severity points should reduced where he should be housed in a camp or low." (*Id*.). Petitioner points to his Doc. 1, Ex. 3, which he states is a Call-Out form from FCI-Schuylkill dated May 10, 2004, and which he states shows that BOP officials were aware "as far back as 2004 that Petitioner should have been housed in a camp as other inmates similarly situated." (*Id*.).[5]

Further, Petitioner states as follows:

> Petitioner states that BOP officials have conspired based on meeting of the minds at numerous federal prisons to manipulate petitioner's security/custody classification points to have petitioner harmed or killed by raising his points to keep petitioner in maximum security prisons when BOP officials were well aware that petitioner should be placed in a camp in 2004, but his points where (sic) manipulated, as they are now, to keep petitioner in this medium security immigration facility that has it's (sic) own laws and policy's (sic) not of the BOP or the constitution where petitioner should not be housed as an American federal prisoner.

(Doc. 1, p. 4).

Petitioner also claims that the PSF placed upon by the BOP should have been waived for good cause since "he is no threat to the public which he is being singled out by discriminatory

---

[5] We take judicial notice that Petitioner is ignoring his convictions of Code 205 offenses charge in Incident Reports issued after the May 10, 2004 Callout. Petitioner previously challenged his convictions of Incident Reports in two of his Habeas Petitions filed with this Court, Civil Nos. 05-1092 and 05-1533. The disciplinary convictions of Petitioner were upheld by the Court.

4

system." (*Id.*, p. 4). Petitioner states that the PSF is "only applied to inmates who are serving more than 300 months or a life sentence." (*Id.*). Petitioner states that he has only less than three years remaining on his sentence to serve and that the PSF should no longer be placed against him by the BOP. (*Id.*,p 5).

Petitioner concludes that the BOP is "using false methods to keep him in a medium security immigration facility when [he] according to [BOP] policy should be housed in a camp or a low security federal prison," and that the BOP is depriving him access to better himself prior to his re-entry into society. (*Id.*).

Thus, the question is whether Petitioner has properly brought his present claims in a habeas petition, since Respondent contends that they do not affect the length of his confinement and they are not core habeas claims. Respondent relies, in part, upon this Court's Order in *Levi v. Williamson*, Civil No. 06-1608, M.D. Pa. In the alternative, Respondent argues that if the Court finds Petitioner has raised cognizable habeas claims, then Petitioner's Habeas Petition should be transferred to the District Court for the District of New Jersey since this is now the place of Petitioner's confinement, *i.e.*, FCI-Fairton, and since venue, under 28 U.S.C. §2241(d), is proper in New Jersey. (Doc. 13, pp. 6-7).

**III. Discussion.**

Respondent has attached to his Response copies of our February 12, 2007 Report and Recommendation ("R&R") and the District Court's Order of April 9, 2007 adopting our R&R in the *Levi v. Williamson* case. (Doc. 13-3). In *Levi v. Williamson,* the Court found that Petitioner Levi's request for the Court to order the BOP to remove him from FCI-Allenwood, a so-called

"immigration facility," to a halfway house, a federal camp or low security prison, along with Levi's claims that he was eligible for RRC placement[6] and that his custody classification score of medium was incorrect, were not core habeas claims. (*Id*.). Specifically, the District Court in its April 9, 2007 Order in *Levi v. Williamson*, held that "Petitioner [Levi]'s habeas claims relating to conditions of confinement, custody classification scoring, and his RRC eligibility are dismissed for failure to exhaust administrative remedies and **because they are not core habeas claims**." (*Id.*, p. 13-3, p. 2) (emphasis added).

As discussed below, we agree with Respondent (Doc. 13, pp. 4-6) that Petitioner Levi's present habeas claims, similar, in part, to his claims raised in *Levi v. Williamson*, and his present request to have the Court order the BOP "grant Petitioner a transfer to a federal camp or low security federal prison" are not core habeas claims cognizable in his Habeas Corpus Petition. (Doc. 1, p. 6). We also find that Petitioner's present claim that "BOP officials [are] using discriminatory methods against [him] where he is being denied due process to fair treatment as other inmates [similarly] situated" is not a core habeas claim. (*Id*.). *See Levi v. Williamson, supra.*

Specifically, we agree with Respondent (Doc. 13, pp. 4-6) that Petitioner's present claims do not raise core habeas claims. Thus, they are not proper claims with respect to a § 2241 habeas petition. Further, Petitioner's habeas claims that he should be transferred to a low security prison or camp and that his custody classification is incorrect are not core habeas claims.

Petitioner requests this Court to change his custody classification score and thus make him eligible for placement in a low security prison or camp, and he claims that the BOP's refusal to do

---

[6]A halfway house is now referred to as a Residential Re-entry Center ("RRC").

so violates his Fifth Amendment due process rights.

Petitioner seemingly requests the Court to find that the BOP exceeded the scope of its authority in determining that his custody score required his confinement in a medium security prison, and he seeks the Court to order the BOP to immediately transfer him to a federal camp or low security prison since he has less than three (3) years remaining on his sentence and he has served 95% of his sentence. Plaintiff claims that his security/custody classification score has been "deliberately falsified" by prison staff (including his case manager, Mr. Ferry, and his unit manager, McIntyre) to prevent him from going to a camp or low security prison due to discriminatory policies and use of false methods to keep him in a medium security prison.[7]

Petitioner claims that his custody/security points have been incorrectly calculated by the BOP and that his score was deliberately manipulated to keep him in a medium security prison. Petitioner states that since he has completed 95% of his sentence and has less than three (3) years remaining to serve, he is entitled to placement in a camp or low security prison. The record indicates that Petitioner has a release date of May 4, 2011, and thus he has less than two years to serve on his federal sentence. (Doc. 13, Ex. A). Petitioner is seeking the Court to order the BOP to transfer him to a low security prison or federal camp.[8] (Doc. 1, p. 6). We find that these claims

---

[7]Petitioner states that he exhausted his BOP administrative remedies with respect to his present habeas claims (Doc. 1, p. 2), and Respondent concedes that Petitioner has exhausted his administrative remedies. (Doc. 13, p. 3, n. 2).

[8]Petitioner's present claims do not affect the length of his sentence, and as noted above, a habeas corpus petition is not the proper remedy. *See Portley-El v. Brill*, 288 F.3d 1063 (8th Cir. 2002). As Respondent argues (Doc. 13, pp. 4-6), Petitioner's stated habeas claims challenging conditions of his confinement such as his custody classification scoring and eligibility for a low security prison or camp, are not core habeas claims and are cognizable only in a civil rights action. *See Levi v. Williamson, supra.* (Doc. 13-3).

are not challenging the duration of Petitioner's confinement.[9]

Petitioner states that the Respondent wrongfully refuses to lower his custody classification score points and that this refusal is causing him to serve his remainder of his sentence in a medium security prison and not in a camp or low security prison. This claim regarding Petitioner's custody classification is not a habeas claim. This is a challenge to Petitioner's conditions of confinement, and as such, this claim is not cognizable in a § 2241 habeas petition. *See Levi v. Williamson, supra*. (Doc. 13-3). *See also Burnam v. Marberry*, 2008 WL 4190785,*3 (W. D. Pa.) (if Petitioner is not asserting habeas claims under § 2241 challenging the execution of his sentence, the court does not have habeas jurisdiction over his claims) (citing *Woodall v. BOP*, 432 F. 3d 235, 242-43 (3d Cir. 2005)). In *Burnam*, the Court stated that after *Woodall*, "the Third Circuit has held, albeit in unpublished decisions, that an inmate's claim that implicates a BOP decision to transfer him from one penal institution to another penal institution does not fall within the scope of habeas jurisdiction." *Id*., *4(citations omitted). In our case, the BOP chose to transfer Petitioner Levi from FCI-Allenwood to another medium security prison, FCI-Fairton, and not transfer Petitioner to a low security prison or camp.

We disagree with Petitioner (Doc. 18, pp. 1-2) that he is challenging the execution of his sentence in his present Habeas Petition. The length of the Petitioner's prison term, even though his release date is May 4, 2011, will not be affected even if the Court rendered a decision in his

---

[9]As stated above, in *Levi v. Williamson*, this Court found that to the extent that Petitioner Levi challenges his custody classification by prison staff and claims that he should be placed in a low security prison or camp, these claims are not proper habeas claims and should be dismissed. (*See* Doc. 13-3).

8

favor and directed the BOP to re-calculate his custody classification score and to transfer him to a federal camp or low security prison. Also, in the present case, Petitioner does not claim that he is eligible for RRC placement. (Doc. 1, pp. 1-2, pp. 5-6). Thus, Petitioner's stated claims "do not amount to a challenge to the 'execution of his sentence and this Court does not have subject matter jurisdiction under 28 U.S.C. § 2241." *Id.*, \*4 & \*5-\*6 (inmate's challenge to the BOP's computation of his custody classification did "not impact the 'execution' of his sentence as required to confer habeas corpus jurisdiction on [the] court.").

Further, as Respondent points out (Doc. 13, pp. 5-6), Petitioner has no constitutional right to confinement in any particular prison. Denial of transferring Petitioner from one institution to another does not amount to a constitutional violation, since Petitioner has no right to be incarcerated in any specific prison. *See Olim v. Wakinekona*, 461 U.S. 238 (1983). It is also well-settled that an inmate has no recognizable constitutional right to a particular custody status. *See Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa. 1997). We also find that the Petitioner is requesting relief in the form of Court intervention and management while he is in prison, *i.e.* a change in his custody status scoring and/or security housing level in the prison by transferring him out of a medium security prison to a low security prison or camp. The Court will not generally interfere with prison administration matters such as the prison's decision to place Petitioner in a particular security level. The Court should give significant deference to judgments of prison officials regarding prison regulations and prison administration. *See Fraise v. Terhune*, 283 F.3d 506 (3d Cir. 2002).

Petitioner also claims that the BOP has improperly placed a PSF of Greatest Severity on him in order to keep him confined in a medium security prison despite the fact that he has served over 95% of his sentence with less than two years to serve.

The Court in *Sake v. Sherman*, 2007 WL 2254529, *2 (W. D. Pa.), stated:

> Custody Classification is the procedure whereby the BOP assigns inmates to custody levels according to their criminal histories and institutional behavior/adjustment. An inmate's custody level indicates what degree of staff supervision is required. PS 5100.08 instructs that an inmate's custody classification reviews shall occur at least every 12 months. At each annual custody review, a new Custody Classification Form (BP-338) must be completed. Additionally, with respect to Custody Classification scoring, PS 5100.08 specifically provides:
>
>> It should be clearly understood that the Custody Classification Form only recommends an inmate's custody. The Unit Team and/or Warden is the final review authority. The intent of the Custody Classification system is to permit staff to use professional judgment within specific guidelines. Custody changes are not dictated solely by the point total. However, when the Unit Team decides not to follow the recommendation of the point total, they must document the reason(s) for this decision in writing on the Custody Classification Form, and inform the inmate.

The *Sake* Court also stated, "[t]he determination of an inmate's Custody Classification score requires the evaluation of several factors. One of the factors is the consideration of an inmate's 'base score.' In calculating a base score, the BOP assigns a numerical value to each of the following categories: (1) type of detainer; (2) severity of current offense; (3) months to release; (4) criminal history score; (5) history of escape or attempts; (6) history of violence; (7) voluntary surrender status; (8) age; (9) education level; and (10) drug/alcohol abuse." *Id*. (citation omitted).

Petitioner Levi claims that his greatest severity score determined by the BOP was based on its goal to keep him in a medium security prison even though he completed 95% of his sentence

and should be placed in a camp or low security prison pursuant to PS 5100.08. (Doc. 1, p. 1). Petitioner's Ex. 1, Doc. 1 contains the BOP's October 10, 2008 Response to Petitioner's 2008 Administrative Remedy claiming that the BOP incorrectly scored his custody classification and assigned him a PSF of Greatest Severity. BOP National Appeals Administrator Watts stated as follows:

> You contend your custody classification was incorrectly scored in January 2008. You request that your custody classification be restored.
>
> Our review of this matter reveals that the Warden and Regional Director have adequately addressed your concerns. Each element of your custody classification scenario has been thoroughly and correctly addressed in the previous responses. Your custody classification was updated in January 7, 2008, and is accurate as of that date. You are assigned the Public Safety Factor of Greatest Severity based on your current federal offense of armed robbery. This Public Safety Factor has not been waived. You are classified as having a history of serious violence more than 15 years ago due to your prior offense of armed robbery. You had received a 200-level incident report within the two years which preceded January 7, 2008, so the element of Type and Number of Most Serious incident Report(s) is accurate. You have a history of a minor escape due to you absconding from a drug treatment program. Your program participation was correctly classified as average due to a lack of significant program participation since you arrived at the current prison. You had served approximately 82% of your sentence at the time of classification.

(Doc. 1, Ex. 1).

We do not find that the imposition of the PSF on Petitioner by the BOP was unconstitutional, since the factors relied upon by the BOP in determining to place the greatest severity PSF on him related to his convicted offense involving serious violence (*i.e.* armed robbery), and since the factors upon which the BOP relied were based on Petitioner's convictions for series 200 incident reports (and this Court upheld the Petitioner's disciplinary convictions), and he had

11

a minor escape history. We find no constitutional rights of Petitioner have been violated by the BOP, notwithstanding Petitioner's contention that he has completed a drug abuse education program in December 2005 (Doc. 1, Ex. 7) and now has served 95% of his sentence with less than two years remaining. (Doc. 1, Ex. 1).

The *Sake* Court stated:

> The federal habeas corpus statute provides, in relevant part, that a writ of habeas corpus shall not extend to Petitioner unless he demonstrates that he is in custody in violation of the Constitution or the laws of the United States. 28 U.S.C. § 2241(c)(3). He has not met this criteria. Petitioner has not demonstrated that his Constitutional rights have been violated. It is well settled that the BOP classification procedure is within the discretion of the Attorney General as delegated to the Director of the BOP, *see* 18 U.S.C. § 4081; 28 C.F.R. § 0.96; *see also Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), to which inmates generally have no due process liberty interests. *See e.g. Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976) ("Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement sufficient to invoke due process."); *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (due process does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner, but rather those changes that impose atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life); *Ali v. Gibson*, 631 F.2d 1126 93d Cir. 1980) (inmates have no liberty interest in being incarcerated at a particular prison) (citing *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); *Montanye v. Haymes,* 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976)).

2007 WL 2254529, *5.

Also, we find that our Petitioner does not state any due process claim with respect to his claim that the BOP improperly imposed the greatest severity PSF on him, since he had no due

process right to any specific custody classification. *See Sake, supra, at \* 5. See also Rivera v. Martinez*, 2008 WL 4200133 (M.D. Pa.); *Said v. Martinez*, Civil No. 08-191, M.D. Pa.

The Court stated in *Mansfield v. Beeler*, 238 Fed. Appx. 794, 798 (3d Cir. 2007):

> The designation of the type of prison in which an inmate will serve his sentence - - the inmate's custody level - - is generally determined by an inmate's security level; which, in turn, is affected by the presence of "public safety factors." BOP Program Statement, *Security Designation and Custody Classification Manual,* No. 5100.08 Ch. 5 7-13 (2006). The public safety factors include "relevant factual information regarding the inmate's current offense, sentence, criminal history or institutional behavior that require [ ] additional security measures be employed to ensure the safety and protection of the public, is itself." *Id.* at 7.

We find that the Court lacks subject matter jurisdiction over Petitioner Levi's present habeas claims regarding his custody classification and his eligibility for a federal camp or low security prison because they do not affect the length of his sentence and will not result in a quicker release of Petitioner from prison than his May 4, 2011 release date. We also find that Petitioner's claim regarding his PSF should be denied. Thus, we do not consider Respondent's alternative argument that this case should be transferred to the District of New Jersey, and we do not consider Petitioner's Doc. 17 Traverse addressing this alternative argument.

Thus, we shall recommend that Petitioner's habeas claims regarding custody classification and federal camp or low security prison eligibility be dismissed since they are not cognizable in a § 2241 habeas petition. We will recommend that Petitioner's claim regarding his PSF be denied.

**IV. Recommendation.**

Based on the foregoing, we respectfully recommend that the Petitioner's Habeas Corpus Petition **(Doc. 1)** be denied. Specifically, we recommend that Petitioner's habeas claims relating to the conditions of his confinement, his custody classification scoring and his eligibility for a federal camp or low security prison be dismissed since they are not core habeas claims and they are not cognizable in a § 2241 habeas petition. We also recommend that Petitioner's claim regarding his PSF be denied.

                                        **s/Thomas M. Blewitt**
                                        **THOMAS M. BLEWITT**
                                        **United States Magistrate Judge**

**Dated: May 15, 2009**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BERNARD S. LEVI, | : | CIVIL ACTION NO. **1:CV-06-1608** |
| Petitioner | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Blewitt) |
| TROY WILLIAMSON, WARDEN, | : | |
| Respondent | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **May 15, 2009.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

               **s/Thomas M. Blewitt**
               **THOMAS M. BLEWITT**
               **United States Magistrate Judge**

**Dated: May 15, 2009**